# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TITUS HENDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>EDWARD WALLS, RICHARD RAEMISCH, JON LITSCHER, MATTHEW FRANK, CATHY JESS, STACEY HOEM, GARY ANKARLO, BRADLY BOIVIN, TORRIE VAN BUREN, GARY BOUGHTON, TIM HAINES, PETER HUIBREGTSE, N. J. NELSON, T. M. BROWN, LEBEUS BROWN, DAVID GARDNER, JEROME SWEENY, JENNIFER SICKINGER, MAT SCULLION, J. T. BROWN, SGT. JANTZEN, SGT. FURER, MARY MILLER, JOLINDA WATERMAN, L. J. SCHWONDT, J. T. BROWN-FISCHER, CRYSTAL MORRIS MCCORMICK, ELLEN RAY, and JOHN/JANE DOES,<br><br>                Defendants. | Case No. 18-CV-1095-JPS<br><br>**ORDER** |

        On August 10, 2018, the Court ordered Plaintiff to pay his initial partial filing fee ("IPFF") no later than August 31, 2018, or this action would be dismissed without prejudice. (Docket #8). Six days after that deadline, on September 6, 2018, the Court dismissed this action for Plaintiff's failure to pay the IPFF. (Docket #9). On September 13, 2018, Plaintiff filed a motion for reconsideration of that decision. (Docket #11). Plaintiff says that he has no control over the payment of the IPFF, but that it is in the hands of prison

officials alone. *Id.* As support, Plaintiff cites the final line of the Court's IPFF payment order, which directs that a copy of the order be sent to the officer in charge of the institution where he is confined. (Docket #8 at 4).

Plaintiff is mistaken. In every *pro se* civil action filed by prisoners, the prisoner himself is responsible for facilitating the IPFF payment. The order directing him to make the IPFF payment is sent to the warden of his institution only as a courtesy, so that prison officials can anticipate an inmate's request for a disbursement from their trust account. Prison officials are not required to send the payment on their own.

The Court declines to reconsider its dismissal order. Plaintiff is an extremely prolific litigator, particularly in the Western District of Wisconsin. In one of his many prior cases, Plaintiff had a similar kerfuffle about payment of his IPFF. *Titus Henderson v. Scott Walker et al.*, Case No. 3:15-CV-417-JDP (W.D. Wis.), (Docket #15). There, Plaintiff received a letter from a prison official giving him complete instructions on how IPFF payments are to be made. *Id.*, (Docket #15-3). Indeed, just last month in another prior case, he showed that he could follow the correct procedures by submitting an IPFF order to the business office with disbursement requests. *Titus Henderson v. COMPAS*, Case No. 3:18-CV-555-JDP (W.D. Wis.) (Docket #7, #7-1, and #7-2). In sum, Plaintiff knows full well that he is responsible for facilitating the IPFF payment, but he chose not to in this instance. Further, instead of raising any concerns with the IPFF payment during the ample 21-day period he had been provided, Plaintiff chose to complain about the issue after-the-fact. Plaintiff cannot game the system by pretending to be inexperienced in the payment of filing fees or civil litigation generally.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #11) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge